**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-1828**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

JOHN F. JACKSON,

             Claimant - Appellant,

       v.

APPROXIMATELY $8,565.00 IN U.S. CURRENCY; ONE 1999 GMC
YUKON DENALI VIN NUMBER 1GKEK13R6XR917440; ASSORTED TIRES;
ASSORTED CUSTOM TIRE RIMS,

             Defendants.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Samuel G. Wilson,
District Judge. (5:06-cv-00015-sgw)

———————

Submitted: October 14, 2008        Decided: October 16, 2008

———————

Before KING, GREGORY, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John F. Jackson, Appellant Pro Se.  Sharon Burnham, Thomas Linn
Eckert, Assistant United States Attorneys, Roanoke, Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John F. Jackson appeals the district court's final order entering judgment in the Government's favor after it granted the Government partial summary judgment in its forfeiture action against Jackson, thereby forfeiting seized currency and a vehicle to the United States.[*] Finding no error, we affirm.

This Court reviews a district court's order granting summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. See Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001). Summary judgment may be granted only when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Under 18 U.S.C.A. § 983(c)(1) (West 2000 & Supp. 2008), the Government must demonstrate by a preponderance of the evidence that the property sought is subject to forfeiture. Id. Furthermore, § 983(c)(3) provides that "if the Government's

---

[*]The Government's remaining claims were eventually disposed of by the parties and are not at issue on appeal.

theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." Id. After reviewing the record, we conclude that the district court did not err in finding that Jackson's vehicle facilitated unlawful drug activity and that the currency found constitutes proceeds of unlawful drug activity.

Accordingly, we affirm the district court's final judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED